UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:24-CV-414-RHH |
| MARYLAND HEIGHTS POLICE DEPARTMENT, | ) ) ) ) |
| Defendant. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Sidney Keys, Sr.'s Application to Proceed in District Court without Prepaying Fees or Costs. (ECF No. 2). Having reviewed the Application and the financial information provided therein, the Court will allow Plaintiff to proceed in forma pauperis in this matter. Nevertheless, for the reasons below, the Court will dismiss this action without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-

represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff has filed numerous lawsuits in this Court. In March 2024 alone, Plaintiff filed 12 cases in this district, including the present matter. Here, he sues the Maryland Heights Police Department ("MHPD") for alleged violations of his civil rights. Plaintiff states that in October 2023, an officer from the MHPD placed his children in "Child Protective Custody without calling [him] at the hospital" and made him walk three miles home "from DePaul Hospital in pain." According to Plaintiff, he was "available with a car, [his] children was not taken into CPS child protective custody because of abuse, abandonment nor neglect. They were taken because [he is] an African American man, father, and possibly child traffic [illegible]."

2

Plaintiff attached several documents to his Complaint, including police reports, emails between him and a Parent Aide Specialist at Presbyterian Children's Homes and Services, and a state court document titled "Findings of Court Regarding Abuse/Neglect." These documents provide much-needed context to the scant allegations found in Plaintiff's Complaint.[1]

According to the police reports, Plaintiff was involved in an altercation with Porcha Mitchell on October 26, 2023. Officers observed Mitchell walking through a QuikTrip parking lot holding a large knife in her right hand. Plaintiff told officers that Mitchell became agitated when Plaintiff said he wanted to go to Las Vegas for a dental procedure. Plaintiff reported that Mitchell slapped him, bit him, and chased him with the knife. Plaintiff was transported to DePaul Hospital for treatment. The report indicates that three children were left unattended in a nearby hotel room during the altercation. Officers observed a knife on the room's bathroom floor and marijuana within the children's reach. Officers placed the children in protective custody with the Missouri Department of Social Services.

## Discussion

Plaintiff's legal theories are unclear. He states that his children were taken because he is "an African American man[.]" He also asserts that an officer from the MHPD made him walk three miles home from DePaul Hospital "in pain." Liberally construed, Plaintiff appears to assert a claim under the Equal Protection Clause. But the Complaint contains no factual allegations that permit an inference of intentional racial discrimination, as is required to state a viable equal protection claim. *See Cent. Airlines, Inc. v. United States*, 138 F.3d 333, 335 (8th Cir. 1998) (stating that the unequal application of regulations does not violate equal protection clause unless it is the result of

---

[1] The Court may consider these attachments on initial review. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").

intentional or purposeful discrimination.); *see also Snowden v. Hughes*, 321 U.S. 1, 8 (1944) ("The unlawful administration by state officers of a state statute . . . is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination."). Plaintiff instead relies entirely on legal conclusions, which this Court need not accept as true. *See Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). Simply put, Plaintiff's factual allegations establish only the mere possibility of misconduct. They do not demonstrate a plausible claim for relief. *See Iqbal*, 556 U.S. at 679.

Plaintiff's Complaint also fails because the MHPD, as a department of local government, is not a suable entity. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Mildfelt v. Circuit Court of Jackson County, Mo.*, 827 F.2d 343, 345 (8th Cir. 1987). The MHPD is the sole defendant in this matter. Thus, Plaintiff's Complaint does not state a claim upon which relief can be granted.

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (ECF No. 3). Because this action is subject to dismissal, the Court will deny the motion as moot.

## Conclusion

For the foregoing reasons, the Court will grant Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs but will dismiss the action without prejudice under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 10th day of July, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE